Nash, J.
 

 Under the. act of 1777, granting appeals from an inferior to a superior tribunal, it has long been settled, that an appeal moved the whole case and the trial in the appellate court was
 
 de novo.
 
 As a corrollary from this principle it has been settled, that from- a joint judgment against several parties, all must join in the appeal. At their session in 1850, the legislature passed- an act to extend the right of appeal, — whereby it is enacted, where two or more persons are defendants- in any action at law, before a Justice of the Peace or in the County or Superi- or Courts, eithér one or more of them may appeal. — Ire. .Dig. Man, p. 7, Stat. of 1850, ch. 3. The warrant in this case issued the 23d July, 1849, against
 
 Marshall Calloway
 
 and
 
 Roderick Murchison,
 
 and judgment was rendered by a single Magistrate against them jointly on the 27th of August following. From this judgment Calloway alone appealed. At the June Term, 1850, of the court of Ashe, where the case pended, a motion was made on the part of the plaintiff to dismiss the case, for the reason that only one of the defendants had appealed, which being refused, the case was submitted to the jury, and, upon their verdict.
 
 *478
 
 judgment was rendered for the defendant and the plaintiff appealed, both from the decision of the Court on the motion to dismiss and from the judgment. In the Superior Court the case was dismissed, upon the ground, that the defendant Calloway could not appeal alone, and a
 
 procedendo
 
 ordered to the magistrate who granted the appeal — on the part of the defendant it was contended, that, under the act of 1850, the appeal was properly granted to the defendant Calloway. That act has no bearing whatever oil the case. The judgment appealed from and the appeal taken were granted before its passage. The appeal, therefore, was improvidently granted by the magistrate. If there was any power in the Legislature to give efficiency to an appeal under such circumstances, there is nothing in the act showing that sucli was ”their intention. There are no words, giving it a retrospective action. There is no error in the opinion of the Judge of the Superior Court and the judgment is affirmed.
 

 Per Curiam. Judgment affirmed.